IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES CUMMINGS STEWART, III<br>ID #476867<br>Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:10-CV-0549-K (BH) |
| | ) | |
| RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge the state's determination that he is not eligible for mandatory supervision because he is serving a life sentence. The respondent is Rick Thaler, Director of TDCJ-CID.

On October 29, 1987, petitioner was convicted of murder in Cause Nos. F87-79496-N and F87-94036-N in the 195th District Court in Dallas County, and he was sentenced to life imprisonment in both cases by the jury. (State Habeas Transcript[WR-21,070-03]:85; S.H.Tr.[WR-21,070-04]:85). He appealed the two murder convictions, and his convictions and sentences were affirmed by the appellate court in a published opinion. *Stewart v. State*, 767 S.W.2d 455 (Tex. App–Dallas, 1988, pet. ref'd). His petitions for discretionary review were refused on April 5, 1989.

On November 13, 1989, and January 27, 1992, petitioner filed state writs alleging errors at trial. These writs were denied on their merits without written order by the Texas Court of Criminal

Appeals. (S.H.Tr.[WR-21,070-01, WR-21,070-02]:covers). On March 7, 1995, petitioner filed a federal habeas petition attacking his two murder convictions. This federal petition was denied on May 9, 1997. *See Stewart v. Johnson*, 3:95-cv-0421-T (N.D. Tex. May 9, 1997). On January 20, 2010, petitioner filed state writs in both cases alleging that his constitutional rights have been violated because he had been determined to be ineligible for, and was not released on, mandatory supervision. On March 10, 2010, the Court of Criminal Appeals denied these writs on their merits without written order on findings of the trial court without a hearing. (S.H.Tr.[WR-21,070-03, WR-21,070-04]:covers, 2)

Petitioner mailed his federal petition challenging the denial of mandatory supervision on March 15, 2010. (Pet. at 9). Respondent filed a motion to dismiss on May 25, 2010, arguing that petitioner's federal petition is successive, time-barred, and without merit.[1] Petitioner filed a reply, along with a brief in support, on June 9, 2010.

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). In the Fifth Circuit, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-*

---

[1] Respondent's motion was filed in direct contravention of the specific instruction in the *Order to Show Cause* dated April 29, 2010, to file an answer, *not* a motion to dismiss. (*See* doc. 6). The Court therefore recommends that it be construed as an answer and denied as moot.

*Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

The Fifth Circuit has held that the limitation on the filing of a second or successive petition in federal court applies whether the petitioner raises claims to invalidate his underlying conviction or raises claims related to sentence credit issues. *See McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994).[3] In *McGary*, the Fifth Circuit Court of Appeals held that:

> a state prisoner who is confined on a single judgment of conviction and who has a challenge to a denial of good time credit is usually required to bring his or her existing good time credit claim in the same habeas petition as any other claim that he or she has against his or her conviction.

*Id.* This is because the "good time credit claim attacks the conditions of [petitioner's] restraint under

---

[2] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it relied upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. No distinction is likewise made here between cases decided under § 2255 and § 2254.

[3] *McGary* was decided before AEDPA's enactment, but its rationale is equally applicable under AEDPA. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (applying pre-AEDPA law to a federal petition filed prior to the AEDPA's enactment but specifically noting that "we do not suggest the definition of second or successive would be different under AEDPA"); *Stewart*, 523 U.S. at 640-46 (using pre-AEDPA law to interpret AEDPA's provision governing "second or successive habeas applications"). The Fifth Circuit has applied *McGary* in a post-AEDPA case. *See* 324 F.3d at 837.

3

the judgment of conviction . . . and because [petitioner] plainly knew of that claim when he filed his first federal habeas petition." *Id.* "The law requires federal habeas petitioners to assert in their first habeas application all claims known of, all claims that should have been known of, and all claims that had been known of." *Id.* at 185. The Fifth Circuit has since reaffirmed its "strong policy against piecemealing claims" in *Crone*. *See* 324 F.3d at 837.

Here, petitioner's 1995 federal petition was not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez*, *McGary,* and *Crone*, he was therefore required to present all available claims in that earlier federal petition. He is not specifically raising a time credit issue, although he makes a similar claim that he has not been released on mandatory supervision after accruing a number of years of good time credit. (Pet. at 8). The Texas Court of Criminal Appeals' ruling that prisoners sentenced to life sentences are not deemed eligible for mandatory supervision was not made until 2001, in *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001). Petitioner could not have known of this claim when he filed his first federal petition. His petition is therefore not successive within the meaning of 28 U.S.C. § 2244(b).

### III.  STATUTE OF LIMITATIONS

Respondent also contends that petitioner's federal habeas petition is barred by the statute of limitations.

Congress enacted AEDPA on April 24, 1996. It applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final;

(B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). As § 2244(d)(1) relates to this case, the one-year statute of limitations is calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Respondent contends that the facts supporting petitioner's claims became known or could have become known through the exercise of due diligence at the time he was convicted. Because he was convicted prior to April 24, 1996, the deadline for filing a federal writ raising claims concerning mandatory supervision was April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). In reply, petitioner claims that he did not become aware that he was not considered eligible for mandatory supervision and would not be released on mandatory supervision until January of 2009. He submits a TDCJ time slip dated December 23, 2008, that lists his accrued flat time and good time credit and that states "mandatory supervision prospect". He claims he was not aware that he was not considered eligible for mandatory supervision until January of 2009, when he was not released on mandatory supervision. (Reply at 2-3, Brief, Ex. 1).

As earlier noted, the Texas Court of Criminal Appeals specifically held that inmates

5

sentenced to life sentences are not eligible for mandatory supervision in 2001 in *Ex parte Franks*. Then, on October 2, 2002, the Fifth Circuit held that because the state had determined in *Franks* that inmates under life sentences are not eligible for mandatory supervision, a Texas inmate under a life sentence had no constitutionally protected interest in being released on mandatory supervision and was not entitled to federal habeas relief for denial of release. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). The facts supporting petitioner's claims therefore became known or could have become known to him with the exercise of due diligence no later than October 2, 2002. Because petitioner filed his federal petitioner almost eight years after this date, a literal application of § 2244(d)(1) renders his March 15, 2010 filing untimely.

**A.  Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during any period in which a properly filed state habeas application was pending before the Texas state courts. *See also*, *Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). Because petitioner's relevant state habeas applications were filed after the one-year statute of limitations had elapsed, he is not entitled to any tolling under this statute.

**B.  Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.

1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that, when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner has not argued, or shown, that he was prevented from filing a state writ or federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his petition should be deemed untimely.

## IV.  MANDATORY SUPERVISION CLAIMS

Even assuming that the TDCJ time slip that states "mandatory supervision prospect" entitles petitioner to equitable tolling so as to render his federal petition timely, his claims lack merit. Petitioner asserts that his due process rights have been violated and that he has been subject to an *ex post facto* law because the state has determined that he is not eligible for mandatory supervision because of his life sentences.  (Pet. at 7-8).

Notwithstanding petitioner's arguments that this issue has been wrongly decided, the Fifth Circuit has specifically held that claims that the constitutional rights of a Texas prisoner serving a life sentence have been violated because he has not been released on mandatory supervision and/or because he has been determined to be ineligible for mandatory supervision are without merit. *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002).  The Circuit explained that federal courts defer to state courts in their interpretation of their own statutes, and because the highest state court had determined that prisoners serving life sentences are not eligible for mandatory supervision under the relevant statute, they have no constitutionally protected interest in mandatory supervision and are entitled to no federal habeas relief.  *Id.* at 279.  This ruling is binding on this Court.  Accordingly, the state court's denial of petitioner's claims is not contrary to established federal law, and they should be denied.

## V.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VI.  RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. §

2254 barred by the statute of limitations and without merit and **DENY** it with prejudice. Because respondent's motion has been construed as an answer, the Court should **DENY** the motion as moot.

**SO RECOMMENDED on this 26th day of June, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9